UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 19-30311-acs |
| M&P COLLECTIONS, INC. AND F&M LAW FIRM, P.S.C. | : | CHAPTER 7 |
| | : | JOINTLY ADMINISTERED |
| DEBTORS. | : | |

**ROBERT W. KEATS, CHAPTER 7 TRUSTEE**           **PLAINTIFF**

vs.                                                                            **ADVERSARY PROC.** _____

**SPECIALIZED ATTORNEY SERVICES INC.**           **DEFENDANT**

### COMPLAINT TO RECOVER PREFERENTIAL TRANSFERS

Comes Robert W. Keats, solely in his capacity as Chapter 7 Trustee ("Trustee"), through the undersigned counsel, and for his Complaint To Recover Preferential Transfers against the Defendant, Specialized Attorney Services Inc., hereby states as follows:

### NATURE OF THE CASE

1. This action is commenced pursuant to 11 U.S.C. § 544, 547, 549 and 550, to avoid and recover preferential transfers made by the Debtors to, or for, the benefit of the Defendant.

2. In addition, the Trustee seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against any of the Debtors, or has been scheduled for Defendant.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Venue in this district is proper pursuant to 28 U.S.C. § 1409.

5. Pursuant to Fed. R. Bank. P. 7008, the Trustee consents to the entry of final orders and judgments by this Court.

## BACKGROUND

6. Debtor M&P Collections, Inc. was founded in 2005 as an employee owned back office collection support company for law firms. From its beginning, M&P provided collection support services to Morgan & Pottinger, P.S.C. n/k/a Morgan Pottinger McGarvey ("MPM"). In August 2014 MPM assigned and transferred its retail collections practice to the newly formed Fenton Law, subsequently renamed to F&M Law Firm, P.S.C. ("Fenton Law"). Since Fenton Law's inception, M&P has worked with it pursuant to a service agreement which provides that M&P will lease non-lawyer employees to Fenton Law as required for the operation of Fenton Law's collections law practice, that such employees would be employees of both M&P and Fenton Law, and that M&P would provide administrative and human resources services related thereto. Debtor's operations are based out of leased premises located at 2700 Stanley Gault Parkway, Suite 130, Louisville, KY 40223.

7. Fenton Law noticed a trend in the collections law firm market whereby law practices were either expanding and acquiring firms across the nation or they were being acquired as distressed law firms. Fenton Law made the decision to strategically expand and acquire collection law firms adding collection practices in Colorado, Tennessee, Kentucky, Indiana, and

New Jersey ("Acquired Firms") to its footprint. As part of these acquisitions, made in 2014 and 2015, various deals were struck with the shareholders of the Acquired Firms ("Acquired Firm Shareholders") which generally provided for earn out payments over a number of years to the 2 Acquired Firm Shareholders.

8. The acquisitions took a toll on Fenton Law, which experienced significant and unanticipated losses in revenue while further obligating itself to ongoing payments to the Acquired Firm Shareholders. With each acquisition, Fenton Law incurred significant expenses while also suffering sixty to ninety-day delays in rebuilding the revenue stream of the Acquired Firm. None of the projected revenue streams from the Acquired Firms was realized. In addition, Fenton Law lost its contract with a major client further impacting its revenues. Fenton Law's decreased revenues and client base necessarily and negatively impacted M&P as Fenton Law's provider of non-lawyer staff and related administrative services. Accordingly, the determination was made to seek relief under Chapter 11.

9. On February 1, 2019, Debtors M&P Collections, Inc., and F&M Law Firm, P.S.C. (collectively, the "Debtors") filed petitions for relief under Chapter 11 of the United States Bankruptcy Code [Doc. 1 in both Case No. 19-30311 and 19-30312]. An order was entered establishing the joint administration of these bankruptcy cases on February 5, 2019 [Doc. 20].

10. On February 15, 2019, the Court entered an order permitting the sale of substantially all of the Debtors' assets [Doc. 50].

11. After closing on the sale of the Debtors' assets to Weber & Olcese PLC, on May 23, 2019, the Debtors filed a motion to convert the case from Chapter 11 to Chapter 7, and to

terminate the joint administration [Doc. 134]. This motion was later amended, to remove the request for termination of the joint administration [Doc. 136].

12. An order converting the case from Chapter 11 to Chapter 7 was entered on June 12, 2019 [Doc. 144]. Robert W. Keats was subsequently appointed as Chapter 7 Trustee of the Debtors' estates. Robert W. Keats, in his capacity as Chapter 7 Trustee, is the Plaintiff in this action.

### COUNT I – AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS

13. Prior to the Petition Date, in the ordinary course of its business, the Debtors maintained business relationships with various business entities and individuals, including vendors, creditors and suppliers and regularly received goods and services in support of their operations.

14. During the 90-day period prior to the Petition Date (the "Preference Period"), Defendant, Specialized Attorney Services Inc. was the recipient of one or more transfers of money from the Debtors. These transfers were either to, or for the benefit of, the Defendant. The Plaintiff reserves the right to amend this Exhibit A if additional transfers not evidenced by the Debtors' records are discovered during litigation.

15. Those transfers known by the Plaintiff after review of the Debtors' financial records and banking statements are identified, by date, amount, transferor and bank account on the attached Exhibit A (the "Exhibit A Transfers").

16. The Exhibit A Transfers constitute transfers of an interest in property of the transferring Debtor.

17. The Exhibit A Transfers were made on account of an antecedent debt owed by the transferring Debtor to Defendant, and was for the benefit of a creditor within the meaning of Section 547(b)(1) of the Bankruptcy Code because each of the Exhibit A Transfers either fully or partially satisfied a debt owed by the transferring Debtor.

18. The Exhibit A Transfers were made while the Debtors were insolvent. Pursuant to 11 U.S.C. § 547(f), the Debtors are presumed to have been insolvent on and during the Preference Period.

19. The Exhibit A Transfers enabled Defendant to receive more than it would have received if a) the Bankruptcy Cases were cases under Chapter 7; b) the Exhibit A Transfers had not been made; and c) Defendant received payment of such antecedent debt to the extent provided by the provisions of the Bankruptcy Code. As evidenced by the Debtors' schedules filed in this case, the Debtors' liabilities exceed their assets, to the point that unsecured creditors will not receive payment in full of their claims from the Debtors' bankruptcy estates.

20. Defendant was the initial transferee of the Exhibit A Transfers.

21. Based on the foregoing, the Trustee is entitled to an order and judgment: (a) avoiding the Exhibit A transfers under Section 547(b) of the Bankruptcy Code; and (b) recovering the amount of the Exhibit A Transfers from Defendant under Section 550(a) of the Bankruptcy Code, together with an award of pre- and post-judgment interest from the date of the commencement of this Adversary Proceeding until the date of payment in full or other satisfaction.

## **COUNT II – DISALLOWANCE OF CLAIMS**

22. The Trustee hereby incorporates all previous allegations as though fully set forth herein.

23. Defendant is a transferee of the Exhibit A Transfers avoidable pursuant to Section 547 of the Bankruptcy Code, which property is recoverable under Section 550 of the Bankruptcy Code.

24. Defendant has not paid the amount of the Transfers or turned over such property for which Defendant is liable under section 550 of the Bankruptcy Code.

25. Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of Defendant against any of the Debtors must be disallowed until such time as Defendant pays Trustee the amount equal to the aggregate amount of all of the Transfers, plus interest thereon.

26. Pursuant to 11 U.S.C. § 502(j), any and all previously allowed claims of Defendant against any of the Debtors, including any and all claims assigned by Defendant, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff the amount equal to the aggregate amount of all of the Exhibit A Transfers, plus interest thereon and costs.

## **RELIEF REQUESTED**

WHEREFORE, the Trustee prays that this Court grant the following relief against Defendant, Specialized Attorney Services Inc.:

A. On Count I, judgment in favor of the Trustee and against Defendant, avoiding the Exhibit A Transfers and directing Defendant to return to the Trustee the amount of the Exhibit A Transfers, pursuant to 11 U.S.C. §§ 547(b) and 550(a), plus interest from the date of the adversary proceeding at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B. On Count II, judgment in favor of the Trustee and against Defendant disallowing any claims filed or otherwise held by Defendant and/or its assignee against any of the Debtors until

Defendant returns the Exhibit A Transfers to the Trustee pursuant to 11 U.S.C. § 502(d) and (j); and

  C. Granting the Trustee such other and further relief as this Court may deem just and proper.

         **FOWLER BELL PLLC**

         */s/ Matthew D. Ellison*
         John E. Hinkel, Jr., Esq. (KBA 32112)
         Matthew D. Ellison, Esq. (KBA 91016)
         300 West Vine Street, Suite 600
         Lexington, KY  40507-1751
         Telephone: (859) 252-6700
         Facsimile: (859) 255-3735
         Email: JHinkel@Fowlerlaw.com
            MEllison@Fowlerlaw.com
         **ATTORNEYS FOR ROBERT W. KEATS**
         **CHAPTER 7 TRUSTEE**

## EXHIBIT A

| Date | Amount of Transfer | Transferee Entity | Last 4 digits of Debtor account number |
|---|---|---|---|
| 11/08/2018 | $32,613.65 | F&M Law Firm P.S.C. | -3348 |
| 11/28/2018 | $37,069.35 | F&M Law Firm P.S.C. | -8513 |
| 12/11/2018 | $64,285.00 | F&M Law Firm P.S.C. | -8513 |
| 01/09/2019 | $64,778.00 | F&M Law Firm P.S.C. | -8513 |
| 01/28/2019 | $47,209.65 | F&M Law Firm P.S.C. | -8513 |
| **TOTAL** | **$245,955.065** | | |

4826-1485-8966, v. 1/10068.00010

8